(No. 1528— )

WILLIAM L. LINDSAY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 5, 1932.*

WALTER W. WILLIAMS AND CARTER HARRISON, for claimant.

OSCAR E. CARLSTROM, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

Mr. JUSTICE ROE delivered the opinion of the court:

On October 13, 1927, William L. Lindsay, the claimant, received a personal injury while a student of Mining Engineering at the University of Illinois, for which he seeks damages.

The University of Illinois is a State institution, organized under the laws of Illinois in 1887, and is situated in the cities of Urbana and Champaign.

It is claimed that on the day of the injury, David Mitchell an instructor and agent of the State, was conducting a laboratory class in Mining Engineering in Room 101 of the Mining Engineering Laboratory at the said University. William L. Lindsay, who was a student in the above laboratory class, known as Mining 20, was observing an experiment in the detection and ventilation of mine gases, which was being made by his instructor, David Mitchell. This experiment was performed by introducing gas into a small wooden box or container, with a glass observation window in the front. A safety lamp surrounded by a wire gauge specially prepared, was placed in the wooden box which was about two feet high and one foot in length and width. The principle of the experiment was to detect the presence of gas in the above wooden box or chamber, by the use of this safety lamp. The lamp was lighted and protected by the wire gauge, the presence of gas was denoted by a change of color in the flame as the gas was let into the box through holes or nipples. The change of color was indicated by the gas cap that formed on the top of the flame. To observe this gas cup rise on the flame, it was necessary to stand very close to the box and look through the glass front. The object of this particular experiment was to determine the presence of methane gas, known as chemical formula $C H 4$.

On this occasion acetylene gas and a Koehler lamp were used for the experiment. A fellow student, George Young, put the lamp into the box which was filled with acetylene gas of an unknown quantity, while the claimant, with his instructor, was standing in front of the box, peering through the glass to observe the cap on the flame. As they were observing this experiment, suddenly an explosion occurred which shattered the glass observation window and pieces of flying glass cut both the instructor and the claimant about

the face, and a piece of the glass was hurled into the left eye of claimant.

Because of this accident medical and surgical treatments were necessary and the claimant expended therefore the sum of $269.25.

As the result of the injury and subsequent operation the iris of the claimant's left eye has lost much of its contractile strength with a permanent loss of about fifty per cent of the eye sight, and a permanent disfigurement of the eye.

For this injury the claimant asks One Thousand Dollars in damages, upon the grounds that the State is liable because experiment box was not properly constructed; also because acetylene instead of methane gas was used, and further because the instructor was grossly and wantonly negligent for conducting his classes with appliances which should have been free from defects and safe for experimentations.

Counsel for the respondent contend, and counsel for the claimant admit that the doctrine of respondent superior does not apply to the State and the State is not liable for the misfeasance, wrongs, and negligence of its employees, agents or servants. It follows, therefore, that in this case there is not any legal liability on the part of the State of Illinois.

It is contended, however, by the claimant that even if there is no legal liability on the part of the State, it should be required to pay as an act of equity and social justice. We agree with claimant's counsel that "any claimant or individual who considered himself aggrieved might bring a suit in law or in equity, as the case might necessitate."

Paragraph 4 of Section 6 of the Act creating the Court of Claims supports this contention. The language of paragraph 4 is as follows:

"To hear and determine all claims and demands, legal and equitable, liquidated and unliquidated, *ex contractu* and *ex delicto*, which the State, as a sovereign commonwealth should in equity and good conscience discharge and pay."

The question, therefore, for this court to consider in the present claim is one of equity and good conscience. In this regard the rule has been repeatedly announced and followed by this court that the State should pay claims for damages in which negligence of a State, agent or employee is alleged, only when such agent or employee has been grossly careless and wantonly negligent. Consequently the main matter for

discussion and decision is one of gross and wanton negligence. Was the instructor in this case grossly careless and wantonly negligent for making an experiment with a box or container which did not have a "false or safety back," and in using for this experiment acetylene instead of methane gas?

The record shows that the acetylene gas was much easier to make, but its use was much more dangerous than methane gas.

Furthermore, if a card-board back such as is used by the Bureau of Mines, had been on the back of the box or container, the resistance to the gas would have been less than the glass front when the explosion took place, and the glass would not have broken because the gas would have burst out through the false back.

It is often difficult to draw the line of distinction between ordinary negligence and gross or wanton negligence. To determine the negligence in most instances, it is necessary to study carefully all the facts presented by the evidence. An investigation of the record herein would indicate that the instructor, David Mitchell, was not wantonly nor grossly negligent. The evidence shown that he also was hit in the face by the shattered glass. It is reasonable to conclude that he would not have subjected himself as well as his students, to possible injury by using either a box or a gas that he knew was extremely dangerous. It is always easy to say after an accident occurs that if something else had been done the accident could have been avoided. In this matter, it would seem that the instructor conducted the experiment with reasonable care and in accordance with usual custom of making this particular experiment at the University of Illinois.

The case of *Archie L. Johnson* vs. *State of Illinois,* Court of Claims Report, Vol. 5, page 178, is cited by counsel for claimant to sustain their contention that this court therein made a decision and thereby set a precedent in a very similar case.

In the above case set forth an act of an agent or employee of the State was not involved in the decision and the question of gross or wanton negligence was not raised. The student himself was operating a saw and not an agent or employee of the State. That is the distinction between this case and the one cited above.

From all the facts and circumstances we have concluded that the claimant's case cannot be considered to come under the rule of equity and good conscience. It is, therefore, recommended that the claim be disallowed and it is herewith denied and dismissed by this court.